## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| KERI HILDERBRAND, | ) | |
| | ) | |
| Plaintiff, | ) | **CIVIL ACTION** |
| | ) | |
| v. | ) | No. 06-1254-MLB |
| | ) | |
| SOLARI ENTERPRISES, INC., | ) | |
| d/b/a Plaza Apartments, a/k/a | ) | |
| Real Property Services Corp., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the court on plaintiff's motion to remand. (Doc. 5.) The motion has been fully briefed and is ripe for decision. (Docs. 6, 7.) Plaintiff's motion is DENIED, for reasons set forth herein.

### I.   FACTS AND PROCEDURAL HISTORY

Plaintiff originally brought this case in the Montgomery County District Court on July 5, 2006, for personal injuries stemming from an apartment fire in Coffeyville, Kansas on February 28, 2005. Plaintiff is a Kansas resident and defendant is a California resident. The relief requested, as originally stated in plaintiff's pleading, is for "an amount in excess of $75,000.00, for her costs and for such other relief the Court deems just and equitable." Defendant was served on July 24, 2006, and timely filed its notice of removal to this court on August 23, 2006. See 28 U.S.C. § 1446(b) (requiring a notice of removal be filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or

proceeding is based").

Plaintiff responded to defendant's removal with a motion to remand, alleging support for remand as follows: "Plaintiff has investigated her claim asserted against Solari Enterprises, Inc. in this action, has consulted with her counsel of record with respect to that claim, and has determined that her claim does not exceed the sum or value of $75,000.00, exclusive of interest and costs." Defendant answered that plaintiff's motion to remand was improper. Defendant asserts that subject matter jurisdiction "attached" in the case upon proper removal and subsequent action taken by plaintiff could not divest the court of jurisdiction, relying on such cases as St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283 (1938) and Kirby v. Am. Soda Fountain Co., 194 U.S. 141 (1904).

Plaintiff asserts that the cases relied upon by defendant have been superceded by an amendment to the statute authorizing removal of actions from state courts. See 28 U.S.C. § 1447(c) (requiring remand when "at any time before final judgment" the district court lacks subject matter jurisdiction). Plaintiff also asserts "that a Motion to Amend the Petition with [sic] be forthcoming to reduce the amount of damages plead. Thus the amount in controversy would be less than $75,000 and therefore would divest the court of subject matter jurisdiction." No amended pleading has since been filed.

## II.  ANALYSIS

An action originally filed in state court may be removed to federal court if, inter alia, there is a basis for federal subject matter jurisdiction. 28 U.S.C. § 1441(a), (b). Conversely, "if at any time before final judgment it appears that the district court

lacks subject matter jurisdiction, the case shall be remanded." Id. § 1447(c).

Federal courts are courts of limited jurisdiction, United States ex rel. Grynberg v. Praxair, Inc., 389 F.3d 1038, 1048 (10th Cir. 2004), and the parties cannot confer jurisdiction where it is lacking. Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982). If the court lacks subject matter jurisdiction, all rulings are a legal nullity, lacking any force or effect. See Hart v. Terminex Int'l, 336 F.3d 541, 542 (7th Cir. 2003). The removing party has the burden to prove the existence of subject matter jurisdiction. Karnes v. Boeing Co., 335 F.3d 1189, 1194 (10th Cir. 2003). All doubts concerning removability are to be resolved against removal and in favor of remanding cases to state courts. Fajen v. Found. Reserve Ins. Co., Inc., 683 F.2d 331, 333 (10th Cir. 1982); J.W. Petroleum, Inc. v. Lange, 787 F. Supp. 975, 977 (D. Kan. 1992).

As defendant points out in its response: "At present, Plaintiff has only called the original prayer for relief into question. Plaintiff has not otherwise moved to amend her pleadings. Plaintiff is not bound to its most recent recital of damages contained in its Motion for Remand." The court agrees. Plaintiff has "determined that her claim does not exceed the sum or value of $75,000.00" but has done no more to change the amount in controversy as it exists in her pleadings. It is quite possible, in fact, that after briefing was completed on this motion, plaintiff decided she was happy with defendant's removal. Plaintiff has not filed a motion to amend her pleadings to change the amount in controversy putting her in federal court and she has apparently abandoned her intent to do so.

-3-

Further, Tenth Circuit precedent supports defendant's contention that a plaintiff may not divest subject matter jurisdiction by altering the amount in controversy.  See, e.g., Miera v. Dairyland Ins. Co., 143 F.3d 1337, 1340 (10th Cir. 1998) ("Once jurisdiction has attached, events subsequently defeating it by reducing the amount in controversy are unavailing.") (citing St Paul Mercury, 303 U.S. at 288-89); Pfeiffer v. Hartford Fire Ins. Co., 929 F.2d 1484, 1488 (10th Cir. 1991) ("The error of this argument is its assumption that a party may force remand of an action after its removal from state court by amending the complaint to destroy the federal court's jurisdiction over the action.  Instead, the propriety of removal is judged on the complaint as it stands as the time of removal."); Ambrose Packaging, Inc. v. Flexsol Packaging Corp., No. 04-2164-JWL, 2004 WL 2075457, at *3 (D. Kan. Sept. 16, 2004) ("[T]his court's jurisdiction attached at the time that defendnat filed its notice of removal.  It is clearly established, then, that plaintiff cannot divest this court of jurisdiction by post-removal amendment to the complaint that reduces the amount in controversy below the jurisdictional amount.").  At the present time, therefore, it is clear that subject matter jurisdiction exists in this court.  Plaintiff's motion to remand is DENIED.

IT IS SO ORDERED.

Dated this   22nd   day of November, 2006, at Wichita, Kansas.

S/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE

-4-